**Henry Lee BURCH, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–215–CR.**

Court of Appeals of Texas, Fort Worth.

June 29, 1983.

Charles Warren Van Cleve, Arlington, for appellant.

Henry Wade, Criminal Dist. Atty., represented by Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Henry Lee Burch, was convicted upon a plea of guilty of burglary of a habitation (V.T.C.A. Penal Code, § 30.02) and sentenced to six years confinement in the Texas Department of Corrections.

We affirm.

Burch's sole ground of error asserts that the issue of his competency to stand trial was raised by the evidence and the trial court erred in failing to conduct a hearing to determine his competency to stand trial as required by V.A.C.C.P. art. 46.02, § 2(b).

Burch bases this claim on the following interchange during the taking of his plea of guilty:

THE COURT: Have you ever been to a mental hospital or ever had any indication that you are not competent or not sane?

THE DEFENDANT: Well, I've had insinuations.

THE COURT: Insinuations of what, competency?

THE DEFENDANT: Yes.

THE COURT: By whom?

THE DEFENDANT: Family members.

THE COURT: Have you ever been to a mental hospital?

THE DEFENDANT: No.

THE COURT: Have you ever seen a doctor about your—

THE DEFENDANT: Yes, I have.

THE COURT: And what did the doctor say to you?

THE DEFENDANT: Told me I was all right.

THE COURT: Told you you were all right?

The Court finds, as a fact, based upon the defendant's appearance here in court and the answers to the questions he is competent to stand trial.

 Competency to stand trial consists of sufficient present ability to consult with one's lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against one. A person is presumed competent unless his incompetence is proved by a preponderance of the evidence. V.A.C.C.P. art. 46.02, § 1. A competency hearing is not required unless evidence from any source raises a "bona fide doubt" as to defendant's competency. *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr.App.1977).

We hold that this record does not create a bona fide doubt as to Burch's ability to consult with his lawyer or understand the proceedings against him. It was not error to fail to hold a hearing on the issue. Burch's ground of error is overruled.

The judgment is affirmed.